IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL C. VALDIVIESO,

        Plaintiff,

vs.                                              CIVIL NO.  09-1220 MV/LFG

UNITED STATES POSTAL
SERVICE, JOHN E. POTTER,
Postmaster, and DAVID KING,

        Defendants.

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**[1]

THIS MATTER is before the Court pursuant to an Order of Reference [Doc. 15].  Chief Judge Martha Vázquez referred Defendants' Motion to Dismiss [Doc. 4] for a report and recommendation.

### **Background**

Plaintiff Michael C. Valdivieso ("Valdivieso"), acting *pro se*, filed suit in a New Mexico State Metropolitan Court against the United States Post Office, Postmaster John E. Potter and a local postal manager, David King.  Valdivieso alleges the Postal Service breached a contract by failing to deliver an item of mail, a birthday card, even though "all fees/postage was paid in advance."

The United States removed this lawsuit to the United States District Court.  As it is a civil action relating to the United States Postal Service, and the United States District Court has original jurisdiction, 28 U.S.C. § 1339, the United States is, or should be the proper defendant.  Therefore, under 28 U.S.C. § 1346(a)(2), the case should be adjudicated in a federal forum.

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.

Following removal, the United States moved to dismiss Valdivieso's lawsuit asserting that he failed to name the proper party, Djordjevic v. Postmaster General, 911 F. Supp. 72 (E.D.N.Y. 1995); that Valdivieso failed to properly serve the United States in accordance with federal procedural rules; that the United States is immune from suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 *et seq.;* and that Valdivieso did not exhaust his administrative remedies.

On January 26, 2010, Valdivieso filed a pleading captioned "Motion to Continue Trial in Small Claims Court" [Doc. 9], but this pleading addresses some of the government's arguments raised in its Motion to Dismiss. The Court will liberally construe the "Motion to Continue Trial in Small Claims Court" as Valdivieso's response. *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (requiring liberal construction of *pro se* pleadings). On February 10, 2010, the United States filed its reply [Doc. 10]. The Court determines that the motion is ready for adjudication and that oral argument is not necessary.

**Proper Parties**

The United States moved to dismiss the Complaint, correctly contending that Valdivieso failed to name the United States as the proper party. Valdivieso named the United States Postal Service, its Postmaster General, John E. Potter, and the local postmaster, David King, as Defendants. Under Djordjevic, the proper Defendant is the United States of America. Djordjevic, 911 F. Supp. at 74 (a plaintiff's action against the Postal Service is in fact an action against the United States).

If this were the only problem, it could easily be cured by a substitution of parties. However, even if Valdivieso properly named the United States as the defendant in this lawsuit, his complaint would still be subject to dismissal, based on principles of sovereign immunity. (*See* discussion *infra*.)

**Defective Service**

The United States also moved to dismiss this lawsuit because of defective service. While this case was before the State of New Mexico Metropolitan Court, Valdivieso sought to effect service of process, and, indeed, submitted proof of service indicating that personal service was effected on David King on December 8, 2009. [Doc. 9, p. 24.] The return indicates that service was completed "by delivering a copy of this Summons, a copy of the Complaint and an answer form to the defendant, David King."

It is unclear, however, whether service was made by personal delivery. In his response, Valdivieso states that "he followed court's staff instructions in serving all subject defendants (informal Small Claims Procedures). Plaintiff asserts that he is not aware of any mail delivery discrepancies." [Doc. 9, p. 2.]

Based on the response, one could surmise that Valdivieso sought to serve Defendant by mail. It makes little difference. Under the pertinent rules of civil procedure, service of process on David King is insufficient whether it was effected by personal or mail delivery.

The Federal Rules of Civil Procedure provides as follows:

> **Serving the United States and Its Agencies, Corporations, Officers, or Employees**.
>
> 1. *United States.* To serve the United States, a party must:
>
> (A)(i)  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
>   (ii)  send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B)  send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

      (C)    if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)((1).

The United States contends, and Valdivieso does not dispute, that he failed to comply with the requirements of Rule 4(i).  Instead, Valdivieso argues that he followed the instructions of the Metro Court staff on effecting service of process.

While that may be true, the Rules of Civil Procedure for the Magistrate Courts, which govern service of process for the New Mexico State Metropolitan Court, Rule 2-203 NMRA, do not specifically provide for service of process against the United States.  This is not simply an oversight or error.  Claims against the United States may not be tried in state courts (including Metro Court), but instead, must be tried in a United States District Court.  *See* 28 U.S.C. § 1339 (federal district courts have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service).  Thus, no provision is made in state procedural rules for service of a complaint against the United States because a state metropolitan court has no jurisdiction to hear or adjudicate claims against the United States, including the federal postal service.

The undersigned Magistrate Judge concludes that service of process was improper but further determines that proper service under Rule 4(i) cannot save this lawsuit.  This is true because the United States is entitled to immunity from suit.

### Sovereign Immunity

It is a bedrock principle of law that the United States, as a sovereign, is immune from suit in the absence of its consent to be sued.  Wagoner County Rural Water Dist. No. 2 v. Grand River Dam Authority, 577 F.3d 1255, 1260 (10th Cir. 2009) (*citing* Merrill Lynch, Pierce, Fenner & Smith,

4

Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir. 1992)) (the concept of federal sovereign immunity means that the United States cannot be sued without its consent).

An equally important principle of law is that consent is not presumed. Even where the United States consents to be sued, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal citation omitted). In other words, "[t]he United States consents to be sued only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." In re Talbot, 124 F.3d 1201, 1206 (10th Cir. 1997).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2680 ("FTCA") waives sovereign immunity for certain types of claims but qualifies that waiver as to thirteen (13) categories of claims. If one of these 13 exceptions applies, the bar of sovereign immunity remains, with the result that the United States cannot be sued. The relevant exemption from waiver of immunity, for purposes of a case pertaining to postal operations, is § 2680(b). It states: "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." This section leaves no doubt that Congress specifically declined to consent to lawsuits against the postal service for lost postal matter. Allied Coin Investment, Inc. v. U.S. Postal Service, 673 F. Supp. 982, 985-87 (D. Minn. 1987); *see also* Andress v. U.S. Postal Service, 131 F.3d 151 (Table, Text in Westlaw), 1997 WL 741161 (10th Cir. Nov. 28, 1997) (unpublished) (affirming district court's decision that U.S. Postal Service was immune from suit for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter").

Valdivieso's claims specifically arise out of an allegation that the Postal Service failed to deliver a letter. This is the type of claim for which Congress has declined to waive the government's

immunity. Because Congress did not waive the United States' sovereign immunity for this category of claim, the undersigned Magistrate Judge concludes that this Court lacks jurisdiction to entertain the claim.

### Failure to Exhaust

The United States also seeks dismissal based on Valdivieso's failure to file an administrative claim as required by the FTCA, 18 U.S.C. § 2675(a). Valdivieso does not contend he complied with the FTCA's administrative exhaustion requirement, but argues he either was not told of the requirement or was misled.

Compliance with the administrative exhaustion requirement is mandatory. *See* Johnson v. Potter, 2006 WL 1302120, *3 (D. Kan. Apr. 19, 2006) ("A claimant is jurisdictionally barred under the FTCA from bringing suit in federal court until he has exhausted administrative remedies.") Thus, the Court would be required to dismiss due to Valdivieso's failure to plead or prove compliance with the FTCA exhaustion requirements. However, because Congress has not consented to be sued, § 2680(b), the non-compliance is of no import as there is no jurisdiction to entertain the claim.

### Recommended Disposition

That Valdivieso's Complaint be dismissed without prejudice, for lack of subject matter jurisdiction.[2]

That Valdivieso's "Motion for Summary Judgment for Default" [Doc. 12] be denied as moot.

                                             *Lorenzo F. Garcia*
                                             Lorenzo F. Garcia
                                             United States Magistrate Judge

---

[2] "A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . .the dismissal must be without prejudice." Bremerton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006)